EDWARD C. HUDSON AND WIFE, NELLIE L. HUDSON v. BOARD OF TRANSPORTATION (SUBSTITUTED DEFENDANT FOR STATE HIGHWAY COMMISSION)

No. 758SC42

(Filed 16 April 1975)

Eminent Domain § 2; Highways § 5— highway interchange ramp — denial of access — no "taking"

    The trial court did not err in concluding (1) that plaintiffs were not entitled to compensation on the ground that they were denied direct access to a ramp adjoining their property which connected two major highways and (2) that the erection of a fence by the defendant between the ramp and plaintiffs' property was not an additional "taking" within the meaning of the law.

APPEAL by plaintiffs from *Browning, Judge.* Judgment entered 4 November 1974 in Superior Court, WAYNE County. Heard in the Court of Appeals 19 March 1975.

The facts of this case are not in dispute. In 1955 John M., Ella, Earl, and Sarah E. Davis were the owners of a tract of land in Wayne County. On 16 August 1955 they granted defendant a right-of-way over a portion of this tract. The right-of-way agreement was recorded in the office of the Wayne County

Register of Deeds, together with a map of the property. The map showed a road to be constructed on the right-of-way connecting N. C. Highway 102 (now U. S. Highway 13) and U. S. Highway 70, and the road was marked "PROP. RAMP", meaning proposed ramp. In 1960 John M. Davis subdivided the remaining portion of his property located east of the proposed ramp. Lots 11 and 12 of the subdivision were sold to Arnold and Dorothy Holloman and sold by the Hollomans to plaintiffs in 1963. Lots 11 and 12 were immediately adjacent to the right-of-way over which a ramp was constructed.

Plaintiffs offered evidence tending to show that in 1963 their property adjoined a two-way "road" that ran alongside of U. S. Highway 70. Cars could reach their property by way of this road from either Highway 70 or Highway 13. The road intersected with Highway 70 about a half a mile to the south and east of their property and intersected with Highway 13 about 140 feet to the north and west of the property.

In 1973 the ramp was made a one-way ramp and a fence was built between the ramp and Lots 11 and 12, making plaintiff's property inaccessible. Plaintiffs brought this proceeding seeking damages for the taking of their right of access to the ramp. After a hearing, the trial court made findings and conclusions and entered a judgment for defendant declaring that plaintiffs had no right of access to the ramp and were not entitled to any compensation because of the defendant's erection of a fence along the right-of-way between the ramp and plaintiffs' property.

Plaintiffs appealed.

*Dees, Dees, Smith, Powell and Jarrett by William L. Powell, Jr., and William A. Dees, Jr., for plaintiff appellants.*

*Attorney General Edmisten by Assistant Attorney General Claude W. Harris and Associate Attorney Robert W. Kaylor for defendant appellee.*

HEDRICK, Judge.

By their one assignment of error, plaintiffs contend the court erred in concluding that they have no direct access to the "ramp" constructed on the right-of-way abutting their property.

Since plaintiffs' two lots were a part of a larger undivided tract of land when John M. Davis and his wife granted the right-of-way to the defendant over which the ramp was constructed, plaintiffs' rights of access to the ramp, if any, obviously are controlled by the right-of-way agreement. Recorded with the right-of-way agreement is plaintiffs' Exhibit A, which is a map showing a proposed ramp ("PROP. RAMP") extending from the northern side of U. S. Highway 70 (a proposed four-lane highway) to the eastern side of N. C. 102 (now U. S. Highway 13). Exhibit A also shows a proposed service road ("PROP. SERV. RD.") on the north side of and parallel with U. S. Highway 70. This exhibit together with plaintiffs' Exhibit 3 (the map of the subdivision of the John M. Davis property) indicates that the proposed service road would intersect with the proposed ramp, approximately 134 feet south of plaintiffs' property. Exhibit 3 indicates that plaintiffs' property has a frontage of 155 feet along the eastern side of the proposed ramp and is separated on the north from U. S. Highway 13 approximately 140 feet by a lot owned by Earl Davis. Plaintiffs' property is separated from the proposed service road on the south by Lot 13 and a "grave plot". Plaintiffs' Exhibit 4 ("Right-of-Way Plans, State Highway Commission") filed in Wayne County Register of Deeds Office 4 June 1974, indicates that the proposed service road has been rerouted in such a manner that it does not intersect with the proposed ramp but runs in a general northerly direction through the Davis subdivision.

The pertinent provision of the right-of-way agreement (Exhibit 2) is as follows:

"It is further understood and agreed that the undersigned and their heirs and assigns shall have no right of access to the highway constructed on said right-of-way except by way of ramps constructed or to be constructed at intersection Sta. 253+85."

In holding as a matter of law under an essentially identical provision in a right-of-way agreement that an adjoining property owner is not entitled to direct access to a ramp, Justice Moore, speaking for our Supreme Court, *Abdalla v. Highway Commission*, 261 N.C. 114, 120, 134 S.E. 2d 81, 85 (1964), said:

It [a ramp] is not established for the accommodation of abutting landowners; it is for the interchange of traffic between two heavily travelled highways (one overpassing the

other). It is indeed the junction or joinder of the two highways. For all practical purposes it is a part of the main highway within the meaning of the word "highway" as set out in the "Right of Way Agreement."

Apparently recognizing that the holding in *Abdalla,* supra, represented a formidable obstacle to their claim, plaintiffs argue that when the right-of-way agreement was executed in 1955, the parties intended that the ramp to be constructed on the right-of-way should function not only as a ramp but also as a service road and that as such, any butting property owner would be entitled to unlimited direct access.

Plaintiffs' interpretation of the intention of the parties, based at least in part on the conduct of the parties after the execution of the agreement, disregards the plain meaning of the agreement which, coupled with the map (Exhibit A), manifests defendant's intention to construct over the right-of-way acquired from John and Ella Davis a portion of a four-lane controlled access highway including a ramp connecting the two lanes reserved for west bound traffic on U. S. Highway 70 with U. S. Highway 13. Evidence that the plaintiffs and others were permitted by the defendant to use the proposed ramp and proposed service road for two-way traffic pending the completion of the entire project did not vest in plaintiffs or anyone else any rights not reserved by the grantors in the original agreement nor did it deprive the defendant of its rights to use the property for the purpose for which it was acquired. Thus, the trial court's conclusion that the plaintiffs are not entitled to additional compensation on the ground that they have been denied direct access to the ramp adjoining their property and that the erection of a fence by the defendant between the ramp and plaintiffs' property is not an additional "taking" within the meaning of the law is

Affirmed.

Judges BRITT and MARTIN concur.